UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In the matter of )<br>)<br>BASEPROTECT UG, LTD., a German )<br>Corporation, )<br>)<br>             Plaintiffs, )<br>)<br>v. )<br>)<br>JOHN DOES 1-X, (such persons being )<br>Presently unknown) )<br>)<br>             Defendants. )<br>_____) | 2:11-CV-03621 (CCC)(JAD) |

## NOTICE OF MOTION

PLEASE TAKE NOTICE that upon the attached affidavit or affirmation of Defendant , affirmed September 8, 2011, and upon the complaint herein, Defendant will move this court, in the presiding Magistrate Judge Courtroom, Federal District of New Jersey, 50 Walnut Street, Room 4015, Newark, New Jersey , on the 18th day of October 2011 or as soon thereafter as Defendant can be heard, for an order pursuant to Rule 45 of the Federal Rules of Civil Procedure granting Defendants Motion to Quash Subpoena.

Dated: September 8, 2011

/s/ Piotr Wysocki
Signature
Piotr Wysocki, Pro Se Defendant

RECEIVED

SEP 0 9 2011

AT 8:30 _____ M
WILLIAM T. WALSH, CLERK

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In the matter of<br><br>BASEPROTECT UG, LTD., a German Corporation,<br><br>Plaintiffs,<br><br>v.<br><br>JOHN DOES 1-X, (such persons being Presently unknown)<br><br>Defendants. | 2:11-CV-03621 (CCC)(JAD) |

## MOTION OF DEFENDANT TO QUASH SUBPOENA

Piotr Wysocki ("Movant") hereby respectfully request that this Court quash the subpoenas purportedly served upon Movant, or in the alternative declare that no valid subpoena has properly been served upon the Movant pursuant to Fed. R. Civ. P. 45. As grounds therefore, Movants state as follows:

1. Movant lives and works in the state of Illinois. The movant is not located within, or operates any business within, New Jersey or within 100 miles of this Court.

2. On or about August 12, 2011, plaintiff Baseprotect UG, Ltd., through counsel, purported to serve on third party Comcast a subpoena by UPS Delivery.

3. The said purported subpoenas were not served in person as required by Fed. R.Civ. P. 45(b).

4. The purported subpoenas do not set forth a place for responding thereto that is within 100 miles of the residence or place of business of Movant as required by Fed. R. Civ.P. 45(c)(3)(B)(iii).

5. Finally, and most importantly, the purported subpoenas would require that Third Party Comcast disclose to plaintiffs a list of persons who have downloaded certain content or information of public interest, on a matter of ongoing intense political debate, despite these persons' privacy interest in avoiding such disclosure and despite their legitimate expectation of privacy in anonymously accessing and/or downloading information of interest to them from the Internet. In addition to being unduly burdensome and unfair to Movant and Comcast, this request raises concerns of tremendous constitutional significance, that should not be resolved lightly or without careful analysis of their implications. The Supreme Court has repeatedly

reaffirmed the constitutional right to speak anonymously, see, e.g., MacIntyre v. Ohio Elections Commission, 514 U.S. 334, 342 (1995), and at least one court has recognized the importance of protecting anonymous speech in the Internet context. See ACLU v. Miller, 977 F. Supp. 1228, 1231 (N.D. Ga. 1997). These opinions can also be applied to viewing speech or content as well.

6. This Court need not reach these complex constitutional issues, however, because the subpoenas should be quashed for the reason (in addition to those set forth above) that they are in support of a case that is not properly before this Court. The pending case is improper for at least one dispositive reasons:

   a. the Court lacks personal jurisdiction over the defendants named in the Complaint, and the underlying case must therefore be dismissed for that reason as well. The persons alleged to have committed the copying do not reside or work in this judicial district, and are not alleged to have acted in this judicial district.

7. The anonymity of persons accessing Internet web sites should not be breached in aid of a case not properly filed in this Court. Indeed, in a similar situation, Columbia Insurance Co. v. SEESCANDY, Inc., 185 F.R.D. 573, 578-80 (N.D. Cal 1999), the court held that it would not breach the anonymity of an Internet poster without first requiring plaintiff to show the adequacy of the Complaint. See id. ("[P]laintiff should establish to the Court's satisfaction that plaintiff's suit against defendant could withstand a motion to dismiss. A conclusory pleading will never be sufficient to establish this element.")

8. For each of the above reasons, the subpoenas are invalid. Moreover, the Movant is not subject to personal jurisdiction in this Court. Nonetheless, out of an abundance of caution, Movant is filing this motion rather than simply ignoring the invalid subpoenas as Rule 45 would permit them to do.

### Conclusion

The subpoenas must be quashed because they were not properly served, because they violate the geographic limitations of Rule 45, and because they impose an undue burden on Movant that raises significant constitutional questions. More fundamentally, they must be dismissed because they are in aid of an underlying case that itself must be dismissed for lack of subject matter jurisdiction, lack of personal jurisdiction, and mootness. It is improper to impose on a third party the burden of any subpoena — particularly one that raises a host of thorny privacy issues — in aid of a case that does not belong in this Court in the first place.

Respectfully submitted,

/s/ Piotr Wysocki
Piotr Wysocki
Movant/Defendant