Darius A. Marzec, Esq. (DM-4147)
MARZEC LAW FIRM
225 Broadway, Suite 3000
New York, NY 10007
(212) 267-0200
(718) 841-7508 (Fax)
Attorney for Defendant

RECEIVED··CLERK
U.S. DISTRICT COURT

2011 SEP 16 ⋔ 5: 10

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

In the matter of BASEPROTECT UG, LTD.,
a German Corporation,                          Civ. Action No. 2:11-cv-03621(CCC)(JAD)

          Plaintiff,

    v.

JOHN DOES 1-X,

          Defendants.

## MOTION TO QUASH, FOR PROTECTIVE ORDER AND TO DISMISS

      KRZYSZTOF TOPCZEWSKI ("Subscriber"), by and through his attorneys, Marzec Law

Firm, P.C., moves this court, pursuant to Fed. R. Civ. P. 45(c)(3), and limits his appearance for

the purposes of contesting jurisdiction, for an order quashing the subpoena served on

EARTHLINK, INC. ("Earthlink"), the internet service provider of Subscriber, and for a

Protective Order.

## BACKGROUND

1.      On or about July 2011, Plaintiff BASEPROTECT UG, LTD. ("Baseprotect") subpoenaed

Earthlink pursuant to a Court Order by the United States District Court for the District Court of

New Jersey.  The subpoena directs Earthlink to produce the name and physical address of the

individuals whose IP addresses are listed in an attachment to the subpoena, including Subscriber's IP address.

2.      In August 2011, Subscriber received notice of the subpoena from Earthlink's Risk Management and Litigation Manager, alerting him that Baseprotect was seeking the disclosure of Subscriber's identity and physical address and that the information would be revealed unless Subscriber challenged the subpoena within 30 days from the date of the notice. A copy of the Notice Regarding Issuance of Subpoena Seeking Disclosure is annexed hereto as **Exhibit A**.

## DISCUSSION

### I.      SUBSCRIBER HAS STANDING TO CHALLENGE THE SUBPOENA

3.      It has been previously held that a party who has asserted a personal right or privilege with respect to materials subpoenaed has standing to challenge the subpoena. Schmulovich v. 1161 RT. 9 LLC, 2007 WL 2362598 (D.N.J. 2007) (holding that defendants have standing to challenge subpoenas where personal privilege was asserted with respect to their bank records); Board of Trustees of Trucking Employees of North Jersey Welfare Fund, Inc. v. Caliber Auto Transfer, 2011 WL 2670948 (D.N.J. 2011) (holding that a party whose banking records are subpoenaed through a third-party financial institution also has standing to challenge the subpoena); Furey v. Wolfe, 2011 WL 597038 (E.D. Pa. 2011) (holding that  a student had standing to challenge a subpoena on the university for his student records); Lev v. South Nassau Communities Hosp., 2011 WL 3652282 (E.D.N.Y. 2011) (holding that the plaintiff has a privacy interest with respect to information contained in her employment records); Stevenson v. Stanley Bostitch, Inc., 201 F.R.D. 551, 555 (N.D. Ga. 2001) (holding that the "general rule of the federal courts that a party has standing to challenge a subpoena when she alleges a personal right or privilege with respect to the materials subpoenaed) (internal citations omitted).

4.      The subpoena in question specifically seeks personal information about Subscriber that will permit Baseprotect to personally identify him with respect to certain allegations regarding the alleged infringement of copyrighted material.  Subscriber has a personal right and privacy interest to his own identity and to whom his identity will or will not be disclosed.  Indeed, Earthlink's privacy policy makes clear that the information it collects about its members shall remain private except in certain specific circumstances.  Specifically, the policy reads:

> It is EarthLink's policy not to use or share the personal information in ways unrelated to the ones described above without also providing an opportunity to opt out or otherwise prohibit such unrelated uses.  However, EarthLink may disclose personal information or information regarding use of the Services if, for any reason, in our sole discretion, we believe that it is reasonable to do so, including: to satisfy laws, regulations or other legal requests for such information; to disclose information that is necessary to identify, contact or bring legal action against someone who may be violating our Acceptable Use Policy or other policies; to operate the Services properly; or to protect EarthLink, our Services, our employees or our Members.

A copy of Earthlink's Privacy Policy is annexed hereto as **Exhibit B**.

5.      Subscriber has a right to his identity and the information Earthlink maintains about his identity.  Moreover, he has a protected interest in such information.  Further, Baseprotect intends to use the information obtained to amend its complaint and include Subscriber as a defendant. Therefore, the Subscriber has standing to challenge the Subpoena and to file this motion to quash and for a protective order.

## II.     THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY DOES NOT HAVE JURISDICTION OVER SUBSCRIBER

6.      The United States District Court for the District of New Jersey does not have jurisdiction over Subscriber. N.J. Rules of Court 4:4-4, New Jersey's equivalent of a "long-arm statute," permits service of process on non-resident defendants "consistent with due process of the law."

R. 4-4:4. Consequently, "we will allow out-of-state service to the uttermost limits permitted by the United States Constitution." Charles Gendler & Co., Inc. v. Telecom Equipment Corp., 102 N.J. 460, 508 A.2d 1127 (1986).

7.     The United States Supreme Court has held that a state court may exercise personal jurisdiction over a nonresident defendant only so long as there exist "minimum contacts" between the defendant and the forum. World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286 (1980). Defendant's contacts with the forum state must be such that he "should reasonably anticipate being haled into court there." Id. A defendant is on notice that he is subject to suit in the forum state if it "purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Hanson v. Denckla, 357 U.S. 235 (1958). It is the purposeful act of the defendant, not the activity of another who merely claims relationship to the defendant that connects the defendant to the forum. Id.

8.     In this case, Subscriber resides in New York and has never lived, worked or used any Internet service in New Jersey. Nor has Subscriber conducted any business in New Jersey. Thus, Subscriber has not had sufficient contact with New Jersey to indicate that he "should reasonably anticipate being haled into court there." Woodson, 444 U.S. 286. Subscriber's only "contacts" with New Jersey is with Subscriber's Internet Service Provider, Earthlink, which has offices and does business in New Jersey. Subscriber has not acted in a manner in which he would reasonably expect to be haled into the New Jersey District Court. Forcing Subscriber to defend the suit solely upon his relationship with Earthlink would be improper.

9.     When considering personal jurisdiction issues in the context of Internet use, federal courts throughout the nation have routinely dismissed complaints for want of jurisdiction. For example, in GTE New Media Services Inc. v. BellSouth Corp., the court found that, "personal

jurisdiction surely cannot be based solely on the ability of District residents to access the defendants' websites, for this does not by itself show any persistent course of conduct by the defendants in the District.  Access to a website reflects nothing more than a telephone call by a District resident to defendants' computer servers, all of which apparently are operated outside of the District."   199 F.3d 1343, 1349-50 (D.C.C. 2000).   Similarly, in <u>Mink v. AAAA Development LLC</u>, the court found that the maintaining of a website accessible to those in the forum state was insufficient to find the necessary minimum contacts to assert personal jurisdiction over the website's owner.  190 F.3d 333, 336 (5th Cir.1999).  Again, under the present circumstances, the mere use of an internet service which itself has ties to the forum state cannot, in and of itself, demonstrate minimum contacts sufficient to warrant the exercise of personal jurisdiction over individuals who have had no contact with the forum state.

## III.   BASEPROTECT FAILED TO LAWFULLY ISSUE THE SUBPOENA IN VIOLATION OF FED. R. CIV. P. 45.

10.   The Subpoena served on Earthlink is a nullity because by its heading, it purported to issue from the United States District Court for the Northern District of Georgia.  Pursuant to the Federal Rules of Civil Procedure, a subpoena for production or inspection must name "the court for the district where the production or inspection is to be made."  Fed R. Civ. P. 45(a)(2). Further, the subpoena may be issued and signed by an "officer of a court in which the attorney is authorized to practice."  Fed R. Civ. P. 45(a)(3)

11.   Because attorneys may now sign subpoenas, it is the attorney's responsibility to designate the court from which the subpoena issues.  <u>Kupritz v. Savannah College of Art & Design,</u> 155 F.R.D. 84 (E.D. Penn. 1994).  The only way to ascertain the court from which the subpoena is issued is by the heading of the subpoena.  <u>Id.</u>  In <u>Kupritz</u>, the subpoena designated the Southern District of Georgia in its heading rather than the Eastern District Court of Pennsylvania, the

Court of jurisdiction. The District Court held that since the Southern District Court of Georgia was the court that issued the subpoena, the subpoena was "simply wrong" and the Pennsylvania Court lacked jurisdiction to enforce it.

12.     Similarly, in the present case, the heading of the subpoena states that the United States District Court for the Northern District of Georgia as the issuing court and therefore this Court lacks jurisdiction to enforce it. Further, the attorney who signed the subpoena, Ms. Bonnie C. Park, Esq., is not admitted to the bar of the United States District Court for the Northern District of Georgia and therefore is unauthorized to issue such a subpoena. Because this Court lacks jurisdiction to enforce a subpoena issued by the Northern District of Georgia and Ms. Park is not authorized to issue a subpoena from the Northern District of Georgia, the subpoena should be declared a nullity and unenforceable.

13.     Separately, assuming *arguendo* that Baseprotect's counsel had the authority to issue the subpoena in question, this does nothing to distract from the fact that under the circumstances, the Northern District of Georgia was not the correct district to have the subpoena issued from. Again, under Fed. R. Civ. P. 45(a)(2), a subpoena is properly issued from "the court for the district where the production or inspection is to be made." In its direct language, the Rule prohibits Baseprotect actions in issuing the subpoena from the Northern District of Georgia.

## IV.     THIS COURT SHOULD QUASH THE SUBPOENA BECAUSE IT SUBJECTS SUBSCRIBER TO UNDUE BURDEN

14.     This Court should quash the Subpoena because it requires disclosure of privileged or other protected matter and subjects Subscriber to undue burden. Pursuant to the Federal Rules of Civil Procedure:

> [o]n timely motion, the issuing court must quash or modify a subpoena that subjects a person to undue burden.

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

Fed R. Civ. P. 45(c)(3).

15.    First, the Federal Rules' requirements concerning the issuing and service of subpoena should be followed to avoid any unnecessary, avoidable burden on the subpoenaed parties. As discussed above, Baseprotect has already failed in this regard by not complying with the requirements of the Federal Rules. Separately, allowing this subpoena to stand will pose an under burden on the Subscriber should they be required to contest, seek protection from, or otherwise challenge the subpoena, either in the Northern District of Georgia or in the District of New Jersey, as the Subscriber has no connection to either of these forums.

## V.    **THIS COURT SHOULD DISMISS THIS ACTION FOR IMPROPER JOINDER**

16.    This Court should dismiss this action for improper joinder. Pursuant to the Federal Rule of Civil Procedure, plaintiff may join multiple defendants in one action if:

any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences and any question of law or fact common to all defendants will arise in the action.

17.     Fed. R. Civ. P. 20(a)(2).  Courts have held that if there is no assertion that multiple defendants acted in concert, joinder is improper. LaFace Records, LLC v. Does 1-38, 2008 WL 544992 (E.D.N.C. 2008).    In LaFace Records, LLC, an action was commenced against unidentified defendants and who were only known by their Internet Protocol address assigned by their Internet Service Provider.  Plaintiff alleged that defendants downloaded and distributed copyrighted music from the Internet using a peer-to-peer network without permission from plaintiff, the copyright holder.  The defendants moved for motion to dismiss based on improper joinder, which was granted.  The court found that because plaintiff did not show that the copyright infringement claims against the defendants did not "arise out of the same transaction, occurrence, or series of transactions or occurrences," joinder was improper.  That is, simply showing that each defendant used the same ISP and P2P network to commit the same violation in the same way by downloading / distributing copyrighted music does not link the defendants together for the purposes of joinder.  Ultimately, "[a]ttempts to join numerous defendants in a single action for copyright infringement over P2P networks historically have failed." Pacific Century Intern. Ltd. v. Does 1-101, No. C–11–02533–(DMR), 2011 WL 2690142, *2 (N.D.Cal. 2011) (dismissing an action against multiple Internet based copyright infringers due to misjoinder of defendants); see also Hard Drive Productions Inc. v. Does 1-58, No. C 11–02537 LB, 2011 WL 3443548 (N.D.Cal. 2011) (dismissing complaint against multiple copyright infringement defendants due to misjoinder).

18.     The present case exhibits identical circumstance to the numerous cases that have come before it, whereby plaintiff alleges that defendants used bit torrent to download / distribute the movie Weekend without its permission.    Similarly, this is a situation where each defendant

allegedly committed the same violation in the same way by downloading / distributing a copyrighted movie without Plaintiff's consent. The joinder of defendants due only to these allegations, without more, historically amount to misjoinder. Therefore this case should be dismissed as such. In the alternative, this court should at the very least sever Subscriber from this action.

## VI.   THIS COURT SHOULD FOLLOW NINTH CIRCUIT PRECEDENT AND QUASH THE SUBPOENA BECAUSE, ULTIMATELY, THIS COMPLAINT SHOULD BE DISMISSED DO TO LACK OF PERSONAL JURISDICTION AND IMPROPER JOINDER.

19.     Under the Ninth Circuit's approach to "expedited discovery," "where the claim against the defendant could be dismissed" on separate grounds, expedited discovery, including discovery to determine the identity of the defendant, should not be allowed. Diabolic Video Productions, Inc. v. Does 1-2099, No. 10–CV–5865–PSG, 2011 WL 3100404, *2 (N.D. Cal. 2011) (finding that expedited discovery to determine the identities of Does 2 – 2,099 would not be allowed as these individuals were improperly joined to the complaint) (citing Gillespie v. Civiletti, 629 F.2d 637 (9th Cir. 1980)). Ninth Circuit courts have taken this position in light of the fact that "people who have committed no wrong should be able to participate online without fear that someone who wishes to harass or embarrass them can file a frivolous lawsuit and thereby gain the power of the court's order to discovery their identity." Columbia Ins. Co. v. Seescandy.com, 185 F.R.D. 573, 578 (N.D.Cal. 1999).

20.     Similarly, in the case at bar, allowing Plaintiff to be provided with Subscriber's identity is akin to punishing an individual merely for using the Internet, who has as of yet, not been shown to have done anything wrong. As Subscriber has demonstrated grounds for dismissal of this action both by claiming lack of personal jurisdiction as well as an impermissible joinder, this Court should not allow Plaintiff to proceed to uncover Subscriber's identity without first

bringing a valid claim against him. To rule otherwise would open the door to allow plaintiffs to file lawsuits against any number of unknown defendants in the hopes of having one of there allegations against any potential defendant "stick."

## VII. **THIS COURT SHOULD ISSUE A PROTECTIVE ORDER FORBIDDING THE DISCLOSURE SOUGHT BY PLAINTIFF**

21.     This Court should issue a Protective Order forbidding the disclosure sought by Plaintiff. Pursuant to the Federal Rules of Civil Procedure: Fed R. Civ. P. 26(c), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . forbidding the disclosure or discovery. "To determine whether there is good cause, courts may consider, among other factors, whether disclosure will violate any privacy interests." The Board of Trustees of the Trucking Employees of North Jersey Welfare Fund, Inc. v. Caliber Auto Transfer, Inc., 2011 WL 2670948 (D.N.J. 2011) (issuing a protective order where defendant's demonstrated that the information to be gained by discovery was far outweighed by the personal and private nature of the information sought).

22.     Here, this Court should issue a protective order preventing Earthlink from disclosing the Subscriber's confidential, private information. Surely, Subscriber's right to keep his name and address private when no valid cause of action has been asserted against him (see supra) falls squarely within the interests Fed. R. Civ. P. 26 seeks to protect. Again, by denying this protective order, this Court would be opening the door to any plaintiff who would bring a frivolous suit against unknown defendants for the mere purpose of trying to determine whether any cause of action does in fact exist.

## CONCLUSION

For the reasons stated this memorandum, Subscriber respectfully moves that this Court:

a. quash the Subpoena served upon Earthlink seeking Subscriber's personal identifiable information;

b. issue a Protective Order forbidding the disclosure sought by Plaintiff as against Subscriber;

c. dismiss the complaint against Subscriber due to lack of personal jurisdiction;

d. dismiss the complaint against Subscriber due to improper joinder, and

e. any and other further relief as to this Court may seem just and proper.

By:      _/s/ Darius Marzec (DM-4147)_
          Darius A. Marzec

Exhibit A



**EarthLink**

EARTHLINK | 1375 Peachtree St., Level A
| Atlanta, Georgia 30309

**READ AT ONCE**
**NOTICE REGARDING ISSUANCE OF SUBPOENA**
**SEEKING DISCLOSURE OF YOUR IDENTITY.**

August 17, 2011

<u>**VIA U.S. MAIL & EMAIL**</u>
Krzysdoos Topdczewski
6350 Wetherole St., Apt. 1L
Rego Park, NY 11374

RE:   <u>Baseprotect UG, LTD v. John Does, 1-X</u>, United States District Court for the
District of New Jersey, Case Number: 2:11-cv-03621 (CCC)(JAD)

EarthLink has received a legal document called a subpoena in the above-referenced
matter requesting information from your account. EarthLink takes the responsibility of
protecting your privacy seriously. EarthLink also takes its obligations to comply with valid legal
requests for information seriously.

Plaintiff has filed a lawsuit alleging various people have infringed its copyrights by
illegally downloading and/or distributing movies through a peer-to-peer (P2P) network.
However, the Plaintiff does not know the actual names or addresses of the individuals, only the
Internet Protocol Address ("IP Address") of the computer associated with the alleged activity.
Enclosed is a copy of the Subpoena seeking your information and the exhibit page containing
the IP Address that has been associated with your computer and/or network showing the date
and time the alleged infringement occurred.

EarthLink has a legal obligation to comply with the Subpoena unless you file an
objection with the Court. Pursuant to the Court Order in this matter, if you want to prevent
EarthLink from providing identifying information, you have 30 days from the date of this notice
to file a motion to quash or vacate the subpoena. EarthLink will move forward in responding to
the subpoena and producing the requested information unless we receive notification that a
Motion to Quash the Subpoena has been filed with the Court. Please direct any such filing to

my attention at 1375 Peachtree Street, Atlanta, GA  30309, via facsimile 404-287-4905 or via email at schulzfay@corp.earthlink.net.

You may wish to obtain an attorney to advise you on these issues or to help you take action.  To help you find a lawyer, the American Bar Association's attorney locator can be found on the Internet at http://www.abanet.org/lawyerlocator/searchlawyer.html.

The Electronic Frontier Foundation is an organization that seeks to protect the rights of Internet users.  They have created a website that lists attorneys who have volunteered to consult with people in similar situations.  The website also contains further information about a similar lawsuit.  http://www.eff.org/issues/file-sharing/subpoena-defense.

If you are interested in discussing this matter with the Plaintiff's attorney, you may contact him by telephone at 201-845-3232.  **Please understand that this is the lawyer that filed the lawsuit.**

You should not call the Court.  EarthLink is not responsible for the filing of the lawsuit, is not a party to the lawsuit and is unable to provide legal advice regarding the Subpoena, its validity or any possible grounds to challenge the Subpoena.

Again, you may wish to retain an attorney to discuss these issues and your options.

Sincerely,

Fay C. Slaveikis
Risk Management & Litigation Manager

/fcs
Encl.

THE MCDANIEL LAW FIRM, PC
54 Main Street
Hackensack, New Jersey 07601
(201) 845-3232
(201) 845-3777 (Facsimile)
*Attorneys for Plaintiff Baseprotect UG, Ltd.*

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| In the matter of<br><br>BASEPROTECT UG, LTD., a German Corporation,<br><br>Plaintiff,<br><br>v.<br><br>JOHN DOES 1-X (such persons being presently unknown),<br><br>Defendants. | UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY<br><br>Civ. Action. No. 2:11-cv-03621(CCC)(JAD)<br><br>SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION OR OBJECTS |

TO:     Earthlink, Inc.
        830 Bear Tavern Road
        West Trenton, New Jersey 08628

YOU ARE COMMANDED to produce to The McDaniel Law Firm, PC, 54 Main Street, Hackensack, New Jersey 07601, the names and physical addresses only of the Internet account owners identified by the Internet Protocol addresses and date and time of use listed in the schedule attached hereto as Exhibit A.

The production shall be conducted according to the terms of the Order attached hereto as Exhibit B.

1

The provisions of Fed. R. Civ. P. 45(c), relating to your production as a person subject to a subpoena, and Rule 45(d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

DATED:  July 22, 2011                    THE MCDANIEL LAW FIRM, P.C.

By:     *Bonnie C. Park*
        _____
        Bonnie C. Park, Esq.
        *Attorneys for Plaintiff Baseprotect UG, Ltd.*

2

## FEDERAL RULE OF CIVIL PROCEDURE 45(c), (d), and (e)

### (c) Protecting a Person Subject to a Subpoena.

#### (1) Avoiding Undue Burden or Expense; Sanctions.

A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

#### (2) Command to Produce Materials or Permit Inspection.

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

#### (3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

3

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

## (d) Duties in Responding to Subpoena.

### (1) Producing Documents or Electronically Stored Information.

These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

4

| Number | IP Address | Internet Service Provider | Date | Coordinated Universal Time (UTC) |
|---|---|---|---|---|
| 851 | 208.120.68.225 | EARTHLINK INC ERLK-TW-NYC38 | 2011.05.09 | 3:06 AM |
| 852 | 208.120.254.128 | EARTHLINK INC ERLK-TW-NYC4 | 2011.05.05 | 1:48 AM |
| 853 | 208.120.196.181 | EARTHLINK INC ERLK-TW-NYC47 | 2011.04.29 | 1:56 PM |
| 854 | 208.120.197.156 | EARTHLINK INC ERLK-TW-NYC47 | 2011.04.29 | 12:09 AM |
| 855 | 208.120.197.183 | EARTHLINK INC ERLK-TW-NYC47 | 2011.05.18 | 12:30 PM |
| 856 | 76.15.183.107 | EARTHLINK INC ERLK-TW-NYC54 | 2011.04.28 | 8:20 PM |
| 857 | 76.15.5.83 | EARTHLINK, INC ERLK-TW-LIBERTY12 | 2011.06.08 | 4:53 PM |
| 858 | 64.131.145.43 | EARTHLINK, INC ERLK-TW-NYC27 | 2011.04.28 | 11:34 AM |
| 859 | 64.131.153.232 | EARTHLINK, INC ERLK-TW-NYC27 | 2011.04.29 | 4:06 AM |
| 860 | 64.131.149.146 | EARTHLINK, INC ERLK-TW-NYC27 | 2011.04.29 | 7:35 AM |
| 861 | 64.131.153.233 | EARTHLINK, INC ERLK-TW-NYC27 | 2011.04.30 | 9:03 PM |
| 862 | 64.131.143.241 | EARTHLINK, INC ERLK-TW-NYC27 | 2011.04.30 | 12:27 AM |
| 863 | 64.131.145.121 | EARTHLINK, INC ERLK-TW-NYC27 | 2011.05.02 | 3:28 AM |
| 864 | 64.131.242.105 | EARTHLINK, INC ERLK-TW-NYC27 | 2011.05.04 | 12:50 AM |
| 865 | 64.131.142.91 | EARTHLINK, INC ERLK-TW-NYC27 | 2011.05.08 | 1:14 AM |
| 866 | 64.131.144.48 | EARTHLINK, INC ERLK-TW-NYC27 | 2011.05.11 | 7:37 AM |
| 867 | 64.131.199.247 | EARTHLINK, INC ERLK-TW-NYC27 | 2011.05.22 | 10:30 PM |
| 868 | 24.136.237.21 | EARTHLINK, INC ERLK-TW-RALEIGH26 | 2011.05.08 | 2:39 AM |
| 869 | 76.15.84.82 | EARTHLINK, INC ERLK-TW-STATENISLAND12 | 2011.05.03 | 9:49 AM |
| 870 | 207.220.78.89 | Earthlink, Inc. | 2011.06.04 | 2:11 PM |
| 871 | 24.42.86.112 | EarthLink, Inc.  ERNY | 2011.04.29 | 2:57 AM |
| 872 | 24.42.77.74 | EarthLink, Inc.  ERNY | 2011.04.30 | 8:37 PM |
| 873 | 24.42.120.177 | EarthLink, Inc.  ERNY | 2011.05.07 | 3:16 PM |
| 874 | 24.42.79.112 | EarthLink, Inc.  ERNY | 2011.05.07 | 10:25 PM |
| 875 | 24.42.89.124 | EarthLink, Inc.  ERNY | 2011.05.08 | 6:48 PM |
| 876 | 24.42.76.77 | EarthLink, Inc.  ERNY | 2011.05.12 | 1:43 AM |
| 877 | 24.42.110.103 | EarthLink, Inc.  ERNY | 2011.05.13 | 7:52 AM |
| 878 | 216.224.183.178 | Earthlink, Inc. ELNK-CLOUD | 2011.06.03 | 12:46 PM |
| 879 | 69.22.250.5 | EarthLink, Inc. ERLK-CBL-TW-NYC | 2011.04.10 | 11:42 AM |
| 880 | 69.22.251.64 | EarthLink, Inc. ERLK-CBL-TW-NYC | 2011.05.04 | 12:24 AM |
| 881 | 69.22.250.112 | Earthlink, Inc ERLK-CBL-TW-NYC | 2011.05.08 | 8:28 AM |
| 882 | 24.215.211.21 | EARTHLINK, INC. ERLK-TW-NYC12 | 2011.05.11 | 8:10 AM |
| 883 | 24.199.78.167 | EARTHLINK, INC. ERLK-TW-NYC13 | 2011.04.29 | 12:37 AM |
| 884 | 24.199.79.209 | EARTHLINK, INC. ERLK-TW-NYC13 | 2011.05.11 | 8:10 AM |
| 885 | 24.215.157.133 | EARTHLINK, INC. ERLK-TW-NYC14 | 2011.05.15 | 6:34 AM |
| 886 | 24.239.169.16 | EARTHLINK, INC. ERLK-TW-NYC16 | 2011.04.30 | 5:22 AM |

DATED:  7/1/11

_____
, U.S.M.J.

3

| | | | | |
|---|---|---|---|---|
| 887 | 24.239.164.222 | EARTHLINK, INC. ERLK-TW-NYC16 | 2011.06.04 | 10:37 AM |
| 888 | 76.15.201.24 | EarthLink, Inc. ERNY | 2011.04.28 | 11:24 PM |
| 889 | 76.15.192.202 | EarthLink, Inc. ERNY | 2011.05.11 | 10:33 PM |
| 890 | 24.199.116.83 | EARTHLINK,INC ERLK-TW-NYC29 | 2011.05.12 | 4:42 AM |
| 891 | 24.239.145.165 | EARTHLINK,INC ERLK-TW-NYC30 | 2011.04.29 | 12:01 AM |
| 892 | 24.239.146.82 | EARTHLINK,INC ERLK-TW-NYC30 | 2011.05.01 | 11:08 PM |

EXHIBIT B

Earthlink Policies & Agreements - Privacy Policy

   

     

**ABOUT US**
Mission & Values
Our History
Acquisition Opportunities
Policies & Agreements

**CONTACT US**

**PARTNER PROGRAMS**
Advertising Solutions
OEM Program
Strategic Alliances
Retail Programs

**CAREERS**

# EARTHLINK POLICIES & AGREEMENTS

## EarthLink Privacy Policy

Your privacy is very important to us. We want to make your experience on the Internet as enjoyable and rewarding as possible, and we want you to use the Internet's vast array of information, tools, and opportunities with complete confidence.

EarthLink has created this Privacy Policy to demonstrate our firm commitment to privacy and security. This Privacy Policy describes how EarthLink collects information from users of EarthLink services (the "Services"), how we use the information we collect and the choices you have concerning the collection and use of such information. Please read this Privacy Policy carefully.

### Collection and Use of Information

Members are asked to provide certain information when they sign up for our Services such as name, address, telephone number, billing information (such as a credit card number), and the type of personal computer being used to access the Services. The personal information collected from Members during the registration process is used to manage each Member's account (such as billing and collections).

In order to better understand its Members, EarthLink collects consumer data such as ZIP code, demographics and other publicly available information from third-parties. EarthLink uses this data to provide product and service offers. We use data in aggregate to develop products and offers to better serve its Members.

EarthLink collects information from Visitors and Members who use the various parts of our Services. We use this information primarily to provide a customized experience as you use our Services. EarthLink collects consumer information about its Members through surveys and preference pages. You may request that EarthLink not collect consumer data by visiting our opt-out website at https://myaccount.earthlink.net/cam/contactinfo.jsp.

EarthLink may share personal information with select affiliates in order to provide EarthLink services to our Members. EarthLink does not share identifying information (like Name and address) with affiliates for their use in delivering product and service offers to Members. Affiliates will not be allowed to use any information provided in serving our customers to be sold, rented, or given to any other company. Affiliates are not allowed to use EarthLink data for any other purpose other than EarthLink approved programs designed to better serve Members.

In instances where EarthLink and an affiliate jointly promote the Services, EarthLink may provide the affiliate certain personal information, as a result of the joint promotion. In this instance, the information may not be used by the affiliate for any other purpose. EarthLink may also generate aggregate profiles from information provided during registration (such as the total number, but not the names, of Members). We may use this aggregated and non-identifying information to sell advertisements that appear on the Services.

We use registration information to contact you in a variety of ways. We may send you offers through email, phone or regular mail of EarthLink products and services or offers on behalf of selected affiliates. If you order products directly from EarthLink, we will use your information to continue to provide you products that you are interested in. You may exercise your options to not receive any marketing from EarthLink by visiting our opt-out website at https://myaccount.earthlink.net/cam/contactinfo.jsp. Customers will still receive administrative emails from EarthLink.

### EarthLink Affiliates and Sponsors

Some EarthLink products and services are offered to Members in conjunction with a third-party vendor. For example, we outsource the provision of stock quotes and operation of your stock portfolio (accessible through your Personal Start Page) to a third-party vendor. To provide these products and services, the vendor may need to collect and maintain your personal information. Additionally, many EarthLink Members have co-branded Personal Start Pages that are cosponsored by non-affiliated partners. EarthLink may share non-identifying and aggregate consumer information with such affiliates in order to more effectively market our co-branded products or services offered to our customers.

### Online Shopping

At some websites, you can purchase products and services or register to receive materials, such as a catalog or new product and service updates. In many cases, you may be asked to provide contact information, such as your name, address, email address, phone number, and credit/debit card information. If you complete an order for someone else, such as an online gift order sent directly to a recipient, you may be asked to provide information about the recipient, such as the recipient's name, address, and phone number. EarthLink has no control over third-party websites and their use of any personal information you provide when placing such an order. Please exercise care when doing so.

### Online Advertisements

EarthLink may share aggregated and non-identifying information about our Visitors and Members collected through the registration process as well as through online surveys and promotions with select advertisers. In some instances, we use this information to deliver tailored advertisements. Based upon the information we have collected, we may then display advertisements to specific audiences. EarthLink does not share personal information about its Members with these advertisers.

We use DoubleClick and other third-party advertising companies to serve ads when you visit our websites. These companies may use information (not including your name, email address or telephone number) about your visits to this and other websites in order to provide advertisements on this site and other sites about goods and services that may be of interest to you. If you would like more information about this practice and to know your choices about not having this information used by these companies, please click here www.networkadvertising.org

### Voluntary Surveys

We may periodically conduct both business and individual surveys. We encourage Members to participate in these voluntary surveys because they provide us with important information that helps us to improve the types of services we offer and how we provide them to you. Your personal information and responses will remain confidential, even if the survey is conducted by a third-party.

We take the information we receive from individuals responding to our surveys and combine (or aggregate) it with the responses of other Members to create broader, generic responses to the survey questions (such as gender, age, residence, hobbies, education, employment,

industry sector, or other demographic information). We then use the aggregated information to improve the quality of our services to you, and to develop new services and products. This aggregated, non-personally identifying information may be shared with third-party affiliates.

### Special Cases

It is EarthLink's policy not to use or share the personal information in ways unrelated to the ones described above without also providing an opportunity to opt out or otherwise prohibit such unrelated uses. However, EarthLink may disclose personal information or information regarding use of the Services if, for any reason, in our sole discretion, we believe that it is reasonable to do so, including; to satisfy laws, regulations or other legal requests for such information; to disclose information that is necessary to identify, contact or bring legal action against someone who may be violating our Acceptable Use Policy or other policies; to operate the Services properly; or to protect EarthLink, our Services, our employees or our Members.

### "Cookies" and How EarthLink Uses Them

A "cookie" is a small data file that can be placed on your hard drive when you visit certain websites. EarthLink may use cookies to collect, store, and sometimes track information for statistical purposes to operate and improve the products and services we provide and to manage our network and property. If you have created your own Personal Start Page, we will use a cookie to save your settings and to provide customizable and personalized services. Additionally, be aware that if you visit non-EarthLink websites where you are prompted to log in or that are customizable, you may be required to accept cookies.

Advertisers and partners may also use their own cookies. We do not control use of these cookies and expressly disclaim responsibility for information collected through them.

### EarthLink's Commitment to Children's Privacy

Protecting children's privacy is especially important to us. It is our policy to comply with the Children's Online Privacy Protection Act of 1998 and other applicable laws. You must be 18 to use the Services. EarthLink does not attempt to ask or collect information from any person under the age of 18.

EarthLink may have products and web pages designed especially for younger users under the direct supervision of an adult Member. While we make every effort to ensure that these Services are fun and age-appropriate for a younger audience, we believe that there is no substitute for proper parental supervision. For further information about tips, tools, age-appropriate or kid-friendly websites and how to report online trouble, please visit www.getnetwise.org.

EarthLink recommends that children ask a parent for permission before sending any personal information anywhere using the Internet.

### Public Forums

Any information that you disclose in public areas of our websites or the Internet may become public information. You should exercise caution when deciding to disclose personal information in these areas.

### EarthLink's Commitment to Data Security

EarthLink has security measures in place to protect the loss, misuse, and alteration of the information under our control. While we make every effort to ensure the integrity and security of our network and systems, we cannot guarantee that our security measures will prevent third-party "hackers" from illegally obtaining this information. We will never sell your information to a third party.

### How to Access or Modify Your Information

EarthLink offers Members the opportunity to access or modify information provided during registration. To access or modify such information, visit myaccount.earthlink.net.

### Questions About EarthLink's Privacy Policy

Questions about this Privacy Policy or the practices described herein should be directed to our FAQ page that is located at www.earthlink.net/optout.

If you have any additional questions about this Privacy Policy or the practices described herein, you may contact:

Customer Service
EarthLink, Inc.
1375 Peachtree Street, N.W.
Level A
Atlanta, Georgia 30309

### Revisions to This Policy

EarthLink reserves the right to revise, amend, or modify this policy and our other policies and agreements at any time and in any manner. Any revision, amendment, or modification will be posted on our website: www.earthlink.net.

Version 2.0
Effective 10/31/2003

Home | About Us | Contact Us | Partner Programs | Careers | Site Map
© 2011 EarthLink, Inc. All rights reserved. Members and visitors to the EarthLink website agree to abide by the
EarthLink Policies and Agreements including the EarthLink Privacy Policy.

 Like   7,311 people like this. Be the first of your friends.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

In the matter of
BASEPROTECT UG, LTD., a German
Corporation,

          Plaintiff,

    v.

JOHN DOES 1-X (such persons being
presently unknown)

          Defendants.

Civ. Action No. 2:11-cv-03621(CCC)(JAD)

AFFIDAVIT OF KRZYSZTOF
TOPCZEWSKI

Kryzysztof Topczewski being duly sworn, deposes and says:

1.  I am a resident of New York and reside at 63-50 Wetherole Street, Apt. 1L, Rego Park, New York, 11374.

2.  In August, 2011, I received notice of the subpoena from Earthlink's Risk Management and Litigation Manager, alerting me that Baseprotect UG, LTD. was seeking the disclosure of my identity and physical address and that the information would be revealed to them unless I challenged the subpoena within 30 days from the date of notice.

3.  I do not live in the District Court for the District of New Jersey.  I do not have any contacts with the State of New Jersey not did I ever contract to do business within that state.

4.  I should not have to defend this case in New Jersey.  My attorney advises me that I have valid defenses to this action.

_Krzysztof Topczewski_

Krzysztof Topczewski

State of New York            )

  ss.:

County of Kings              )


On the 8 day of September, 2011, before me personally appeared KRZYSZTOF

TOPCZEWSKI personally known to me or provided to me on the basis of satisfactory evidence

to be the individual whose name is subscribed to the within instrument and acknowledged to me

that he executed the same in capacity, and that by his signature on the instrument, the individual

or the person upon behalf of which the individual acted, executed the instrument.


Notary Public

Darius A. Marzec
Notary Public State of New York
No. 02MA6186309
Qualified in Queens County
Commission Expires 04/28/20___

Darius A. Marzec, Esq. (DM-4147)
MARZEC LAW FIRM
225 Broadway, Suite 3000
New York, NY 10007
(212) 267-0200
(718) 841-7508 (Fax)
Attorney for Defendant

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

---

In the matter of
BASEPROTECT UG, LTD., a German
Corporation,

            Plaintiff,

JOHN DOES 1-x,

            Defendant.

Civ. Action No. 2:11-cv-03621(CCC)(JAD)

**CERTIFICATION OF SERVICE**

---

      The undersigned hereby certifies that on September 16, 2011 all counsel of record were served with a copy of the within Motion to Quash, for Protective Order and to Dismiss, Affidavit and all supporting papers via First Class USPS mail to:

      Fay C. Slaveikis
      Risk Management & Litigation Manager
      Earthlink
      1375 Peachtree Street
      Atlanta GA 30309

      In addition, on September 16, 2011, I personally mailed a hard copy of the said papers, with Defendant's name redacted, via First Class USPS mail to:

      Bonnie C. Park, Esq.
      The McDaniel Law Firm, PC
      54 Main Street
      Hackensack, NJ 07601

Dated: September 16, 2011
      New York, New York

                              By:      */s/ Darius Marzec (DM-4147)*
                                          Darius A. Marzec