Eric N. Aglow, Esq.
UAW-GM  Legal Services Plan
One Woodbridge Center
Suite 322
Woodbridge, New Jersey 07095
*Voice: 732 602 1166*
*Fax:     732 602 9730*
*E-mail: Ericag@Uawlsp.com*
*Attorneys for John Doe with IP address*
*       98.51.207.109*


UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF NEW JERSEY

-------------------------------------------------x

**In the Matter of BASEPROTECT UG, LTD.,**
**A German Corporation**

|  |  |
|---|---|
| Plaintiff | Civ. Action No. 2:11-cv-03621 (CCC)(JAD) |
| -against- | **NOTICE OF MOTION** |
| **JOHN DOES 1-X,** Defendants. | |

-------------------------------------------------x


**NOTICE OF MOTION**
**TO QUASH SUBPOENA RELATING TO DEFENDANT**
**"JOHN DOE" WITH COMPUTER INTERNET PROTOCOL ("IP")**
**ADDRESS 98.51.207.109 PURSUANT TO F.R.C.P. 45 (c)**
**AND**
**TO DISMISS THE COMPLAINT**

TO: Jay McDaniel, Esq.
     54 Main Street
     Hackensack, New Jersey 07601

**PLEASE TAKE NOTICE** that upon the accompanying Certification of Eric

Aglow, Esq., attorney for "John Doe with IP address 98.51.207.109" , and all other

filings and proceedings in this action, said "John Doe" will move this Court on the

21ST day of November 2011, before the Honorable Joseph Dickson, United States

District Court Magistrate, at the United States Courthouse,  50 Walnut Street,

Newark, New Jersey 07102 pursuant to Rule 45(c)(3) for an Order to Quash the

Subpoena issued by Plaintiff to Comcast and for any other relief this Court deems just

and proper.

_____s/Eric N. Aglow_____
Eric N. Aglow, Esq.
UAW Legal Services Plan
One Woodbridge Center
Suite 322
Woodbridge, New Jersey 07095
732 602 1166
Ericag@uawlsp.com
Attorneys for John Doe with
IP address  98.51.207.109

**Eric N. Aglow, Esq.**
**UAW-GM  Legal Services Plan**
One Woodbridge Center
Suite 322
Woodbridge, New Jersey 07095
*Voice: 732 602 1166*
*Fax:   732 602 9730*
*E-mail: Ericag@Uawlsp.com*
*Attorneys for Defendant "Joe Doe" with IP*
*# 98.51.207.109*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

--------------------------------------------------------------x

**In the Matter of BASEPROTECT UG, LTD.,**
**A German Corporation**

                              Plaintiff        Civ. Action No. 2:11-cv-03621
                                                 (CCC)(JAD)

      -against-

**JOHN DOES 1-X,**
                Defendants.

--------------------------------------------------------------x

### MOTION TO QUASH SUBPOENA RELATING TO DEFENDANT
### "JOHN DOE" WITH COMPUTER INTERNET PROTOCOL ("IP")
### ADDRESS 98.51.207.109 PURSUANT TO F.R.C.P. 45 (c)
### AND
### DISMISS COMPLAINT AGAINST "JOHN DOE" 98.51.207.109

**JOHN DOE, AN INDIVIDUAL WHO COMCAST ALLEGES OWNS**

**AND/OR UTILZES A COMPUTER WITH AN  IP ADDRESS 98.51.207.109**

(hereinafter referred to simply as "John Doe"), by and through the Certification of

said "John Doe's" attorney,  Eric N. Aglow, Esq., UAW Legal Services Plan, moves

this Court, pursuant to Fed. R. Civ. P. 45(c)(3), and limits his appearance solely for

the purposes of this Motion, for an Order to Quash a Subpoena issued by Plaintiff, a

German corporation, upon Comcast, Inc., the alleged Internet Provider of said "John

Doe".

**CERTIFICATION OF MOVANT'S ATTORNEY**

Eric N. Aglow, Esq., an attorney duly admitted to practice law in this State and

Court, does certify as follows:

**NATURE OF THE MOTION**

1. This is a motion to Quash a Subpoena issued by Plaintiff, a German

   corporation, upon Comcast, Inc., a United States corporation that provides

   Internet Service to paying Subscribers.

## BACKGROUND OF MOVING PERSON AND STANDING TO FILE THIS

## MOTION TO QUASH A SUBPOENA

2. The moving person is an individual, who lives in a State other than New Jersey, and is a paying Subscriber to Comcast as an Internet Provider.

3. Comcast alleges that said "John Doe" owns, utilizes and/or has utilized, a computer, that contains a certain IP address, namely IP # 98.51.207.109, which address was obtained by Comcast through the utilization of a computer connected to Comcast's servers.

4. Said "John Doe" has standing to make this motion pursuant to F.R.C.P. 45 (c) (3) (B) which specifically permits such a motion to "protect a person subject to *or affected by* a subpoena". (See, e.g. *Schmulovich v. 1161 Rt. 9 LLC*, 2007 WL 2362598 (D.N.J. 2007); *Board of Trustees of Trucking Employees of North Jersey Welfare Fund, Inc*., v. *Caliber Auto Transfer*, 2011 WL 2670948 (D.N.J. 2011) where the Courts generally held that persons have standing to challenge a subpoena where personal privilege was asserted).

5. Fed R. Civ. P. 45 (c)(3)  specifically requires a Court to quash a subpoena if it subjects a person to undue burden or requires disclosure of "protected matter".

6. While the subpoena in question is directed only to Comcast Corporation, said "John Doe" has standing as an "affected" person to move to quash this subpoena and has the right as an affected person to ensure that "protected matter", to wit his identity, not be revealed.

7. This Court should quash the Subpoena issued to Comcast Corporation as it relates to the person  who Comcast alleges owns and/or utilizes a computer with the IP address 98.51.207.109 and issue a Protective Order directed to Comcast Corporation forbidding the disclosure to Plaintiff  of the identity of said "John Doe".

8. Since the sole purpose of the Subpoena underlying this action is to obtain the name and address of the individual who allegedly owns and/or utilizes the computer with said specified IP address, providing the name and/or address of said individual in this Motion to Quash said Subpoena would be self defeating, would make this Motion essentially moot and would breach the rights of said individual to request that information provided to this attorney be kept confidential along with concomitant ethical obligation of the moving person's attorney to maintain said confidentiality for the purposes of this Motion.

9. Upon direction of this Court, a separate letter can be addressed to the Court with the name and address of said "John Doe" with said letter being filed under seal, not revealed to the Plaintiff's attorney and not made a part of any electronic filing.

## BACKGROUND OF THE UNDERLYING ACTION

10. This action involves unsubstantiated and unspecified allegations, as it relates to any particular prospective Defendant, by Plaintiff, a German corporation, against unnamed and unknown individual Defendants who Plaintiff alleges

infringed their alleged copyrights on the Internet by "uploading" and/or "downloading" one particular movie on the Internet, through the use of a computer, allegedly without the permission of the Plaintiff.

11. Plaintiff foreign corporation alleges that such actions were done through the utilization of computers with further specific allegations that said computers in question contained a specific "IP" address (a number specific and intrinsic to every computer).

12. Plaintiff, a German corporation, alleges that they are in the business of protecting the holders of copyrights issued by the United States government and that they hold an exclusive license from an entity called "CEZAR 10" to distribute the motion picture "Weekend" .

## BACKGROUND OF SUBPOENA IN QUESTION

13. An Order was entered on July 1, 2011 by this Court which granted leave to Plaintiff to perform expedited discovery; specifically permission to issue Rule 45 subpoenas to all of the Internet Providers identified in the Complaint to obtain information sufficient to identify "John Doe" Defendants based solely upon an IP computer address.

14. In July 2011, Plaintiff Baseprotect UG, LTd ("Baseprotect"), a foreign corporation, pursuant to said Order, issued a subpoena to Comcast Corporation which directed Comcast Corporation to produce the name and address of the

individuals whose computer IP addresses are listed in an attachment to said subpoena (attached hereto as Exhibit A).

15. One of the IP addresses contained in said Subpoena includes an IP address of a computer that Comcast alleges is a computer registered as a Subscriber to their services and is connected to the "John Doe" who is the subject of this Motion.

16. By a letter dated September 19, 2011 and by an amended letter dated September 28, 2011, "John Doe" was a notified by Internet provider Comcast that Plaintiff was seeking disclosure of his identify and address based upon said alleged IP address and that the information would be revealed unless "John Doe" filed "legal process with the Court". (amended letter with name and address redacted, attached hereto as Exhibit B, stated that "John Doe" needed to file this Motion no later than October 28, 2011 ; original letter cited the wrong federal court for the filing of this motion).

17. It is well established that a party who has asserted a personal right with respect to materials that are subpoened has standing to challenge said subpoena.

18. The subpoena in question specifically seeks personal information about said "John Doe" that will permit the Plaintiff, a foreign corporation, to personally identify the name and address of said Subscriber.

19. Said "John Doe" has a personal right and privacy interest to his own identity and to whom his identify will, or will not, be disclosed.

20. The fact that a German corporation files a Complaint with this Court with wholly unsubstantiated allegations that a particular computer allegedly downloaded a movie should not serve as a basis for said Plaintiff to be able to

force an Internet Provider to provide information which said Provider would otherwise consider private nor do said allegations serve as an waiver by the Subscriber to maintain the privacy of his identity.

21. By information and belief, it is the general policy of Comcast Corporation, subject only to Court Order, not to use or share the personal information of their Subscribers to third parties, especially their names and home address, except in certain will described circumstances.

22. Since said "John Doe" has such a privacy right that would be affected by compliance with the Subpoena, said "John Doe" has the right to directly challenge this subpoena and file a Motion to Quash such a subpoena.

23. It is clear  from the letter dated September 19, 2011 received by said "John Doe" that Comcast Corporation does not intend to file any Motion to Quash the Subpoena nor to  take any other steps to protect the privacy of their Subscribers but instead leaves that obligation and burden to the Subscribers.


**SUBPOENA NOT RELEVANT TO ALLEGATIONS OF COMPLAINT**


24. Plaintiff does not allege in their Complaint nor does Plaintiff have any information or facts that substantiate that any of the unnamed Defendant "John Does" owned the computers in question or utilized said computers but rather simply allege in the Complaint that computers with said IP addresses were subscribers to Comcast or other Internet providers.

25. Although Plaintiff alleges throughout their Complaint that those unnamed
Defendants "committed individual acts of copyright infringement", were
involved with "illegal downloading" and "illegal dissemination", Plaintiffs do
not allege any facts, nor have they demonstrated that they have any facts that
such acts were actually performed by the unnamed Internet subscriber "John
Does".

26. In their Complaint and in other documents already filed with this Court
(Affidavit of David Farris, USA account manger for Plaintiff dated June 30,
2011), Plaintiff admits that their only knowledge of any actual prospective
individual Defendant is an IP address, obtained by their so-called "P2P
download monitoring software", that Plaintiff alleges is related to a particular
computer which is registered with an Internet Service Provider in the name of
the person who applied for and pays for said Internet access.

27. This is clearly a fishing expedition type of Subpoena for the name of any
individual that they desire to include as a Defendant since there is no intrinsic
relationship between the person who pays for Internet Service and any persons
who might have utilized a particular computer in an improper fashion. In fact,
there remains the possibility that a person other than the Subscriber improperly
"hacked" into a person's computer and/or Internet access account and
performed these alleged illegal acts.

28. This position is clearly enunciated in an almost identical action entitled *VPR
Internationale v. Does 1-1017*( United States District Court for the Central
District of Illinois, Case No. 11-2068), where the Court was considering a

Motion to Certify for Interlocutory Review the Court's denial of two prior Motions for expedited discovery in a case that also involved allegations of illegal downloading of adult films by "John Does" with certain IP addresses. The Hon. Harold Baker, in an Order dated April 29, 2011, states that "IP subscribers are not necessarily copyright infringers***....(t)he infringer might be a subscriber, someone in the subscriber's household, a visitor with a laptop, a neighbor, or someone parked on the street at any given moment***" (emphasis added). The Order then cites a MSNBC investigation of a case  in which federal agents raided a house, seized all computers and other electronic equipment based upon allegations of downloading child pornography only to later learn that a neighbor had used multiple IP subscriber WI-Fi connections and all downloading was done solely by the neighbor without any knowledge by the Subscriber. The Order, first noting that the Court had no jurisdiction over even a single "John Doe", as is also the case in the instant action, totally discredited Plaintiff's argument that the Subscribers could always file Motions to Quash if expedited discovery were to be allowed and instead the Court concluded that the "imprimatur of this Court will not be used to advance a fishing expedition by means of a perversion of the purpose and intent of class action". (Order attached hereto as Exhibit C).

29. The astute observations enunciated by the Court in the *VPR Internationale, supra*, highlights not only the highly invasive aspect of the Subpoena as it relates to the privacy rights of a Subscriber but also highlights the complete

lack of any relevancy between the information being requested in the Subpoena and the allegations of the Complaint.

30. Simply stated, the identity of the Subscriber through an IP address does not provide the identity of the alleged infringer. As pointed out by the Court in *VPR Internationale*, supra, the infringer could be any person and the Subscriber not only might not know who the identity of alleged infringer but also is likely not to even know that such alleged infringements occurred through utilization of his IP address.

31. The Subscribers, including the moving party, have both a contractual right of privacy as it relates to their relationship with their Internet Provider and a federally protected general right to privacy of their identity. This right to privacy far outweighs any desire by the Plaintiff to seek the name of the Subscriber when they are totally unable to provide even a scintilla of evidence that any particular Subscriber actually performed an illegal act.

## IMPROPER FORUM AND LACK OF JURSIDICTION
## MISJOINDER

32. Plaintiff alleges that New Jersey is the proper federal forum based upon the disingenuous assertion that the alleged downloading and dissemination occurred via the Internet from one subscriber to another somewhere in the United States and that New Jersey is one of the possible 50 states. In other words, Plaintiff, a foreign corporation, alleges in their Complaint that this

Court has jurisdiction and venue pursuant to 28 U.S.C 1391 (b) and 14000 (a) simply because it is their belief that it is probable that at least one "John Doe" is a resident of New Jersey. This shot-gun rationale, however,  would also support venue in the federal district courts in Alaska or Hawaii since such residency is also equally possible.

33. The Supreme Court ruled in *Lumiere v. Wilder, Inc*., 261 U.S. 174 (1923) that venue for suits for infringement of copyright is not determined by the general provision governing suits in the federal court by rather by the specific copyright venue provision which provides that "civil actions….relating to copyrights…may be instituted in the district in which the Defendant or his agent resides or may be found".

34. As stated by the Court in a Memorandum Decision Denying Expedited Discovery dated July 29, 2011 in *NuImage, Inc. v. John Does*, (United States District Court for the District of Columbia , Case No. 11-301),  the "Plaintiff must have at least a good faith belief that such discovery will enable it to show that the Court has general jurisdiction over the Defendant", that "mere conjecture or speculation is not enough" and that "when copyright infringement is the sole claim being alleged, it is misleading and arguably disingenuous, to assert that venue may be proper under Section 1391 (b) …when section 14000(c) is the exclusive venue statue for copyright infringement actions." (copy attached hereto as Exhibit D)

35. In essence, Plaintiff is requesting that this Court take jurisdiction and venue over an action in which there is perhaps not a single resident of New Jersey as a prospective named Defendant.

36. Furthermore, Plaintiff makes the assertion or, at least, insinuation in their Complaint that they already know that at least some of the prospective addresses relate to residents of the State of New Jersey. In actuality, due to the fact that Internet Providers, including Comcast, utilize a variety of methods to assign IP addresses to their Subscribers, especially for the assignment of dynamic IP addresses.  Internet Subscribers randomly utilize servers located in a variety of states to assign IP address and the location of said server is where the IP address is located rather than necessarily where the Subscriber actual resides.  In other words, an Internet Provider server may be located in New Jersey that assigns a particular IP address while the Subscriber actually lives in another State.  Other than to make a statistical argument based upon their improper joinder of almost 1,000 disparate Defendants, it is disingenuous and incorrect, as it relates to the limits of technology, for the Plaintiff to categorically assert or insinuate that that any certain number, if any, of the Subscribers reside in the State of New Jersey.

37. In actuality, there is no connection with this Court by the Plaintiff German corporation nor does Plaintiff have any facts that even a single unnamed Defendant resides in New Jersey.

38. It appears that perhaps the only reason this action was commenced in New Jersey is because Plaintiff, a German corporation, retained the services of a law firm with offices in Hackensack, New Jersey.

39. The statistical hope by Plaintiff's law firm that at least one of their almost 1,000 listed IP addresses will bring forth a resident of New Jersey is most certainly not a reason for this Court to continue with jurisdiction over this matter or to subject the moving party, who lives several states away from New Jersey, to the burden of protecting his interests and reputation in an out of state Court.

40. The moving party lives more than 600 miles from New Jersey, is not a resident of New Jersey, does not work in New Jersey and does not use a computer nor access the Internet in the State of New Jersey.

41. The United States District Court for the District of New Jersey simply does not have jurisdiction over said "John Doe", an out of state resident, since there are absolutely no minimum contacts between said "John Doe" and this forum.

42. Said "John Doe" should not be forced to defend a legal action in an out of state Court simply because Plaintiff alleges, without any viable legal substantiation, that New Jersey is as good a forum as any other State.

43. Although Courts have sometimes considered that raising arguments relating to jurisdiction and venue are premature when it relates to expedited discovery, there is a growing trend, as Internet use, and misuse, increases, to more carefully scrutinize expedited discovery, especially expedited discovery to determine the identity of unknown Defendants whose wrongdoing can likely

not even be established. The Ninth Circuit in *Diabolic Video Productions Inc. v. John Does 1-2099*, 2001 WL 3100404 (N.DF. Cal 20011) held that expedited discovery to determine the identity of "John Does" would not be allowed as the individuals were improperly joined.

44. As stated by the Court in *Columbia Ins. Co. v. Seescandy.com*, 185, F.R.D. 573 (N.D. Cal. 1999), "with the rise of the Internet has come the ability to commit certain tortious acts… entirely on-line. The tortfeasor can act pseudonymously or anonymously and may give fictitious or incomplete identifying information…(however) people who have committed no wrong should be able to participate online without fear that someone who wishes to harass or embarrass them can file a frivolous lawsuit and thereby gain the power of the court's order to discovery their identity".

45. In the Order from *VPR INternationale v. Does*, supra, the Court concluded with the insightful reflection that "(c)ould expedited discovery be sued to wrest quick settlements, even from people who have done nothing wrong? The embarrassment of public exposure might be too great, the legal system too daunting and expensive, for some to ask whether (the Plaintiff) has competent evidence to prove its case".

46. I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements by me are willfully false, I am subject to punishment.

**WHERFORE** the following relief is requested:

a.  Quash the Subpoena issued to Comcast Corporation to the extent that it seeks the disclosure of the name and address of said "John Doe" with IP address  98.51.207.109;

b.  Issue a Protective Order forbidding the disclosure of said information by Comcast to Plaintiff;

c.  Dismissal of the Complaint against said "John Doe" due to lack of personal jurisdiction over this potential Defendant and misjoinder of said "John Doe";

d.  Any and other further relief deemed just and proper by this Court.


Dated: 10/19/2011                          s/  Eric N. Aglow
                                _____
                                      Eric N. Aglow, Esq.

**Eric N. Aglow, Esq.**
**UAW-GM  Legal Services Plan**
*One Woodbridge Center*
*Suite 322*
*Woodbridge, New Jersey 07095*
*Voice: 732 602 1166*
*Fax:  732 602 9730*
*E-mail: Ericag@Uawlsp.com*
*Attorneys for Defendant "Joe Doe" with IP*
*# 98.51.207.109*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

------------------------------------------------------------x

**In the Matter of BASEPROTECT UG, LTD.,**
**A German Corporation**

|                    |              |
|--------------------|--------------|
| Plaintiff          | Civ. Action No. 2:11-cv-03621 |
|                    | (CCC)(JAD)   |

         -against-

**JOHN DOES 1-X,**
                    Defendants.

------------------------------------------------------------x

### STATEMENT OF NO FILING OF BRIEF

Eric N. Aglow, Esq., attorney  for "John Doe" with IP address 98.51.207.109

states that a brief is not necessary for this Motion to Quash the Subpoena due to the

unique nature of this Motion and respectfully requests a waiver for any formal brief

pursuant to Rule 7.1 (d)(4).

                                    s/   Eric N. Aglow, Esq.
                                    _____

Eric N. Aglow, Esq.
**UAW-GM  Legal Services Plan**
One Woodbridge Center
Suite 322
Woodbridge, New Jersey 07095
*Voice: 732 602 1166*
*Fax:     732 602 9730*
*E-mail: Ericag@Uawlsp.com*
*Attorneys for John Doe with IP address*
            *98.51.207.109*

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF NEW JERSEY

-------------------------------------------x

**In the Matter of BASEPROTECT
UG, Ltd., a German Corporation**
                        Plaintiff          Civ. No. 2:11-cv-03621(CCC)(JAD)

        -against-

                                            **ORDER**

**JOHN DOES 1-X,**
                    Defendants.

-------------------------------------------x


**THIS MATTER HAVING BEEN BROUGHT BEFORE THIS**

**COURT**, by Eric N. Aglow, Esq., UAW Legal Services Plan, as attorney

for John Doe with IP address 98.51.207.109, by a Motion dated

October 19, 2011 to Quash a Subpoena issued to Comcast

Communications , Inc. and to Dismiss the Complaint, dated October

19, 2011; and

**WHEREAS THIS COURT HAVING** issued an Order dated July 1, 2011 that permitted Plaintiff to issue Rule 45 subpoenas to Internet Service Providers identified in Exhibit A of the Complaint to obtain information sufficient to identity the unnamed John Does; and

**WHEREAS** Plaintiff issued a Subpoena upon Comcast Communications, Inc. to produce the names and addresses of Internet account holders indentified in the Subpoena with particular Internet Protocol (IP) addresses; and

**WHEREAS** John Doe with IP address 98.51.207.109, the moving party, received a letter dated September 29, 2011 from Comcast Communications, Inc. informing him of said Subpoena and advising said individual to file papers with this Court no later than October 28, 2011 if he desires to contest the release of his personal information; and

**THIS COURT HAVING READ** and considered the papers and argument of counsel and having found good cause;

**IT IS HEREBY ORDERED AND DECREED** on this _____day of _____2011 that Comcast Communications is hereby

enjoined from providing any personal information about John Doe with IP address # 98.51.207.109 to the Plaintiff; and

**IT IS FURTHER ORDERED AND DECREED** that the Complaint against John Doe with IP address # 98.51.207.109 is hereby dismissed; and

**IT IS FURTHER ORDERED AND DECREED** that the attorney for "John Doe" with IP #98.51.207.109 is directed to serve a copy of this Order upon Comcast Communications, Inc. within 7 days of receipt this Order, at the address stated in their letter to said "John Doe".

_____
Hon. Joseph Dickson, U.S.M.J.

**Eric N. Aglow, Esq.**
**UAW-GM  Legal Services Plan**
*One Woodbridge Center*
*Suite 322*
*Woodbridge, New Jersey 07095*
*Voice: 732 602 1166*
*Fax:   732 602 9730*
*E-mail: Ericag@Uawlsp.com*
*Attorneys for Defendant "Joe Doe" with IP*
*# 98.51.207.109*

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

----------------------------------------------------------x

**In the Matter of BASEPROTECT UG, LTD.,**
**A German Corporation**

|  | Plaintiff | Civ. Action No. 2:11-cv-03621 |
|---|---|---|
|  |  | (CCC)(JAD) |

-against-

**CERTIFICATE OF**
**MAILING**

**JOHN DOES 1-X,**

Defendants.

----------------------------------------------------------x

1.      I, the undersigned, am Eric N. Aglow, Esq, UAW-GM Legal

Services Plan, attorney for  "John Doe" with IP address 98.51.207.109

in the above-entitled action.

2.      On October 19, 2011, I mailed in the U.S. Post Office in

Woodbridge, New Jersey, a sealed envelope with postage prepaid

thereon, by ordinary mail, containing Motion to Quash Subpoena

addressed to the following persons:

1. Bonnie Park, Esq., McDaniel Law Firm, 54 Main Street, Hackensack, New Jersey 07601, attorneys for Plaintiff;

2. Comcast Corporation Legal Response Center, 650 Centerton Road, Moorestown, New Jersey 08057.

3.  I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: October 19, 2011

s/Eric N. Aglow
_____
Eric N. Aglow, Esq.