

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY

BASEPROTECT UG, LTD.,

A German Corporation,

     Plaintiff,

vs.

DOES 1-X, (such persons being presently unknown,

     Defendants.

_____/

CASE No. 2:11-cv-03621-CCC-JAD

Hon. Claire C. Cecchi

Hon. Joseph A. Dickson


MOTION TO QUASH OR MODIFY
SUBPOENA AND MOTION TO DISMISS

## MOTION TO QUASH OR MODIFY SUBPOENA AND MOTION TO DISMISS

I received a letter from my ISP regarding a subpoena, which included a copy of the Order Granting Plaintiff's Application for Leave to Take Discovery.

From accounts of previous defendants of other copyright infringement lawyers, such as Steele Hansmeier, these subpoena notifications are followed by demand letters. These letters -- which usually demand amounts in the area around $2500 - $3000, to avoid dealing with their lawsuit[1] -- and their phone calls, which are persistent[2], are the reason I am filing this motion, and for this reason, I respectfully request that I be allowed to do so without revealing my personal identifying information.

Plaintiff may argue that this motion should be dismissed because of its anonymous filing. The reason for filing this motion anonymous is because I fear retaliation by Plaintiff. The fear of retaliation is so great that I will be mailing the motions to the court and

---

[1] Google search: "steele hansmeier letter"
[2] Google search: "steele hansmeier phone calls"

Plaintiff from a State other than my own. By filing this motion, I draw attention to Plaintiff's questionable action of how they pursue this and other copyright infringements case. If I filed this motion under true name (or even IP address), I feel I would be singled out by Plaintiff for selective prosecution. The prosecution would not be because of the alleged copyright infringement, but serve as an example to other defendants who do not settle with Plaintiff regardless of guilt or innocence.

## INTRODUCTION

To cut court costs while suing as many individuals as possible, Plaintiff's counsel, Jay McDaniel (The McDaniel Law Firm) is using improper joinder in this mass lawsuit alleging copyright infringement through BitTorrent. BASEPROTECT another similar mass law suits in New Jersey (*BASEPROTECT UG, LTD., a German Corporation vs Does 1-X case 2:11-cv-02021-DMC-JAD*) with a 266 defendants.

Similar cases to this one have been dismissed, such as *CP Productions, Inc. v. Does 1-300 case 1:2010cv06255,* and in this case the court notes before dismissal:

> [I]f the 300 unnamed defendants have in fact infringed any copyrights (something that this court will assume to be the case, given the Complaint's allegations that so state), each of those infringements was separate and apart from the others. No predicate has been shown for thus combining 300 separate actions on the cheap -- if CP had sued the 300 claimed infringers separately for their discrete infringements, the filing fees alone would have aggregated $105,000 rather than $350.

Later, Judge Milton Shadur writes about Steele Hansmeier's abuse of the litigation system "in more than one way" with its "ill-considered" lawsuit:

> This Court has received still another motion by a "Doe" defendant to quash a subpoena in this ill-considered lawsuit filed by CP Productions, Inc. ("CP") against no fewer than 300 unidentified "Doe" defendants – this one seeking the

nullification of a February 11, 2011 subpoena issued to Comcast
Communications, LLC. This Court's February 24, 2011 memorandum opinion and
order has already sounded the death knell for this action, which has abused the
litigation system in more than one way. But because the aggrieved Doe defendants
continue to come out of the woodwork with motions to quash, indicating an
unawareness of this Court's dismissal of this action, 1 CP's counsel is ordered to
appear in court on March 9, 2011 at 9:00 a.m. Counsel will be expected to discuss
what steps should be taken to apprise all of the targeted "Doe" defendants that
they will not be subject to any further trouble or expense as a result of this ill-
fated (as well as ill-considered) lawsuit.
(*CP Productions, Inc. v. Does 1-300 case 1:2010cv06255 (dismissed ALL John
Doe defendants)*)

In another Steele Hansmeier BitTorrent case in Illinois, Judge Harold A. Baker

writes in denying the motion for expedited discovery:

Plainly stated, the court is concerned that the expedited *ex parte* discovery is a
fishing expedition by means of a perversion of the purpose of and intent of Fed.
R. Civ. P. 23.
*VPR Internationale vs. Does 1-1017 case 2:2011cv02068*

In the Northern District of California, these nearly identical BitTorrent cases have

been severed for improper joinder:

*Pacific Century International LTD v. Does 1-101 case 4:2011cv02533 (severed
does 2-101)*
*IO Group, Inc. v. Does 1-435 case 3:2010cv04382 (severed does 2-435)*
*Diabolic Video Productions, Inc v. Does 1-2099 case 5:2010cv05865 (severed
Does 2-2099)*
*New Sensations, Inc v. Does 1-1768 case 5:2010cv05864 (severed Does 2-1768)*

In yet another nearly identical BitTorrent case, filed in the Northern District of

California by Steele Hansmeier, *Millennium TGA, Inc v. Does 1-21 case 3:2011cv02258*, Judge

Samuel Conti found the same joinder problems, and wrote in his order denying request for

leave to take early discovery, "This Court does not issue fishing licenses;" And these nearly

identical BitTorrent cases in the Northern District of California by the same plaintiff Boy

Racer, again represented by Steele Hansmeier, have been severed for improper joinder:

> *Boy Racer, Inc v. Does 1-52 case 5:2011cv02329 (severed Does 2-52)*
> *Boy Racer, Inc v. Does 1-71 case 5:2011cv01958 (severed Does 2-72)*

In a recent order (6 Sep 2011) by Judge Bernard Zimmerman, Northern District of California, 5010 John Does were dismissed from *On The Cheap, LLC, v. Does 1-5011, case C10-4472 BZ*, due to improper joinder. Judge Zimmerman stated the following in his order:

> "This Court does not condone copyright infringement and encourages settlement
> of genuine disputes. However, Plaintiff's desire to enforce its copyright in what it
> asserts is a cost-effective manner does not justify perverting the joinder rules to
> first create the management and logistical problems discussed above and then to
> offer to settle with Doe defendants so they can avoid digging themselves out of
> the morass plaintiff is creating."

## ARGUMENTS

1. **Plaintiff Has Improperly Joined 1449 Individual Defendants Based on Entirely Disparate Alleged Acts**
2. **Plaintiff Has Not Done Significant Investigative Effort to Justify Granting a Subpoena For Subscriber Information From the Internet Service Provider**

Plaintiff's joinder of 1449 defendants in this single action is improper and runs the tremendous risk of creating unfairness and denying individual justice to those sued. Mass joinder of individuals has been disapproved by federal courts in both the RIAA cases and elsewhere. As one court noted:

> Comcast subscriber John Doe 1 could be an innocent parent whose internet access
> was abused by her minor child, while John Doe 2 might share a computer with a
> roommate who infringed Plaintiffs' works. John Does 3 through 203 could be
> thieves, just as Plaintiffs believe, inexcusably pilfering Plaintiffs' property and
> depriving them, and their artists, of the royalties they are rightly owed. . . .
> Wholesale litigation of these claims is inappropriate, at least with respect to a vast
> majority (if not all) of Defendants.

*BMG Music v. Does 1-203, No. Civ.A. 04-650, 2004 WL 953888, at *1 (E.D. Pa. Apr. 2, 2004)*
(severing lawsuit involving 203 defendants).

Rule 20 requires that, for parties to be joined in the same lawsuit, the claims against

them must arise from a single transaction or a series of closely related transactions.

Specifically:

Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted
against them jointly, severally or in the alternative with respect to or arising out of the same
transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or
fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20. Thus, multiple defendants may be joined in a single lawsuit only when three

conditions are met:

(1) the right to relief must be "asserted against them jointly, severally or in the alternative"; (2)

the claim must "aris[e] out of the same transaction, occurrence, or series of transactions or

occurrences"; **and** (3) there must be a common question of fact or law common to all the

defendants. *Id.*

Joinder based on separate but similar behavior by individuals allegedly using the

Internet to commit copyright infringement has been rejected by courts across the country.  In

*LaFace Records, LLC v. Does 1-38*, No. 5:07-CV-298-BR, 2008 WL 544992 (E.D.N.C. Feb.

27, 2008), the court ordered severance of lawsuit against thirty-eight defendants where each

defendant used the same ISP as well as some of the same peer-to-peer ("P2P") networks to

commit the exact same violation of the law in exactly same way.  The court explained:

"[M]erely committing the same type of violation in the same way does not link defendants together for purposes of joinder." *LaFace Records*, 2008 WL 544992, at *2. In *BMG Music v. Does 1-4*, No. 3:06-cv-01579-MHP, 2006 U.S. Dist. LEXIS 53237, at *5-6 (N.D. Cal. July 31, 2006), the court *sua sponte* severed multiple defendants in action where the only connection between them was allegation they used same ISP to conduct copyright infringement. See also *Interscope Records v. Does 1-25*, No. 6:04-cv-197-Orl-22DAB, 2004 U.S. Dist. LEXIS 27782 (M.D. Fla. Apr. 1, 2004) (magistrate recommended *sua sponte* severance of multiple defendants in action where only connection between them was allegation they used same ISP and P2P network to conduct copyright infringement); *BMG Music v. Does 1-203*, No. Civ.A. 04-650, 2004 WL 953888, at *1 (E.D. Pa. Apr. 2, 2004) (severing lawsuit involving 203 defendants); General Order, *In re Cases Filed by Recording Companies*, filed in *Fonovisa, Inc. et al. v. Does 1-41* (No. A-04-CA-550 LY), *Atlantic Recording Corporation, et al. v. Does 1-151* (No. A-04-CA-636 SS), *Elektra Entertainment Group, Inc. et al. v. Does 1-11* (No. A-04-CA-703 LY); and *UMG Recordings, Inc., et al. v. Does 1-51* (No. A-04-CA-704 LY) (W.D. Tex. Nov. 17, 2004), RJN Ex. A, (dismissing without prejudice all but first defendant in each of four lawsuits against a total of 254 defendants accused of unauthorized music file-sharing); Order Granting in Part and Denying in Part Plaintiffs' Miscellaneous Administrative Request for Leave to Take Discovery Prior to Rule 26 Conference, *Twentieth Century Fox Film Corp., et al., v. Does 1-12*, No. C-04-04862 (N.D. Cal Nov. 16, 2004) (in copyright infringement action against twelve defendants, permitting discovery as to first Doe defendant but staying case as to remaining Does until plaintiff could demonstrate proper joinder).

Plaintiff may argue that, unlike the RIAA cases, its allegations here are based upon use of the Internet to infringe a single work. While that accurately describes the facts alleged in

this case, it does not change the legal analysis. Whether the alleged infringement concerns a single copyrighted work or many, it was committed by unrelated defendants, at different times and locations, sometimes using different services, and perhaps subject to different defenses. That attenuated relationship is not sufficient for joinder.  See BMG Music v. Does 1-203, 2004 WL 953888, at *1.

Nor does the analysis change because the BitTorrent protocol works by taking small fragments of a work from multiple people in order to assemble a copy. Nearly all of the older protocols in the aforementioned cases work in this fashion. Kazaa, eDonkey and various Gnutella clients (e.g., LimeWire) have incorporated multisource/swarming downloads since 2002.[3]

Plaintiff claims all of the defendants are properly joined because they illegally downloaded/shared the Polish film (*Weekend*) via BitTorrent.  Plaintiff provided the Court Exhibit A to their Complaint listing all the IP addresses of the defendants and a specific date/time (UTC), it was observed illegally downloading/sharing the film.  John Doe #1240 (IP address 98.149.188.252) was the first instance of downloading/sharing by defendants identified by plaintiff's agents on 4/10/2011 at 10:52AM Coordinated Universal Time (UTC).  The last instance of downloading/sharing identified by Plaintiff's agents was on 6/9/2011, at 7:30AM UTC, by John Doe # 1035 (IP address 69.125.108.148).  Plaintiff incorrectly states the infringement was accomplished by the Defendants "acting in concert with each other." Exhibit A to the complaint shows the entire timeframe of the activity (10 Apr 11 – 9 Jun 11), but not which IP addresses actually acted in concert.  The nature of BitTorrent does not support Plaintiff's claim that All John Doe IP addresses acted together for the entire period of

---

[3] http://gondwanaland.com/mlog/2004/12/30/deployment-matters/

approximately two months.

The nature of BitTorrent is that the work in question is first made available to others BitTorrent users by a small number, usually one IP address. As other BitTorrent users join and start to download/share the work, the swarm grows. Depending on how popular the work is, the swarm can grow fast, or not at all. Eventually as the popularity of the shared work drops, the swarm shrinks, and eventually disappears. IP addresses commonly join and leave various BitTorrent swarms at all times during the life of the torrent. Exhibit A to this motion graphically shows the number of IP addresses Plaintiff identified during each day their collections (10 Apr 11 – 9 Jun 11). This graph shows the largest number of IP addresses identified by Plaintiff occurred during the middle portion of their collection efforts. Plaintiff's agents who collected the data on John Doe IP addresses (Exhibit A of the complaint) can verify the nature of BitTorrent, as well as provide details on who of the John Does IP addresses in this case truly shared the work between the other John Does IP addresses in this case.

In the January 2011 Technical Report: *An Estimate of Infringing Use of the Internet*, by *Envisional*[4] (a major company specializing in detecting and guarding against the threats of counterfeiting, piracy, fraud and online brand abuse), the following was noted for the single day analysis of BitTorrent use:

> For the 2.72 Million torrents identified, only .2% had 100 or more downloaders. 2.6% of the torrents had 10-99 downloaders. 51.9% of the torrents had from one to nine downloaders. 45.2% had no active downloads. Envisional also noted that a similar spread of "seeders" (users with a complete copy of the work) were associated with the torrents. For 48.5% of the torrents, there were no seeders connected. (Page 9)

---

[4] http://documents.envisional.com/docs/Envisional-Internet_Usage-Jan2011.pdf

This report clearly shows the vast majority of torrents only had zero to nine downloaders associated with them and a very limited number of file seeder at any one instance.

The similar but separate nature of the BitTorrent connections is highlighted in three recently filed copyright infringement cases in Colorado (K-Beech Inc., v. John Doe, 1-11-cv-02370-PAB, K-Beech Inc., v. John Doe, 1-11-cv-02371-CMA, and K-Beech Inc., v. John Doe, 1-11-cv-02372-MSK) filed on 8 Sep 2011. Plaintiff's attorney in Colorado decided to file separate cases for each John Doe, as joinder of the three could not justified by location only.

Plaintiff has also improperly joined many IP addresses (Doe defendants) that do not reside within the jurisdiction of the court. Plaintiff conducted only a cursory collection of IP addresses and did not try to determine where the IP addresses are physically located. Even with their limited IP addresses analysis, Plaintiff should have been able determine that many of the IP address were not within the court's jurisdiction. Exhibit B to this motion (page 17 from Plaintiff's complaint) lists the IP address of defendant and their Internet Service Provider. Eight of the IP addresses on this page clearly show ISPs not within the court's jurisdiction - Colorado, Connecticut, and Illinois. A simple freely available IP address geo-location Web site, such as www.ip2location.com should have been used to validate the proper jurisdiction for each IP address. Exhibit C shows the geo-location of John Doe #349 (IP address 24.9.100.48), with an ISP of "*Comcast Cable Communications Colorado.,*" as being located in Denver, Colorado. Plaintiff knows that many of the Doe defendants do not reside within the court's jurisdiction, but they still improperly joined them together to obtain subscriber information from the ISPs. Many of the Courts that previous heard these types of mass copyright infringement cases have correctly named this activity as a "Fishing Expeditions" for subscriber information. Plaintiff has no intention of naming any of the Doe defendants, much less

bringing them to an actual trial after they obtain this information and settlement efforts fail. Plaintiff will use the subscriber information obtained from the ISPs to send out settlement letters attempting to scare Doe defendants into paying a couple thousand dollars to make the case go away, regardless of truly being guilty. The current state of mass copyright infringement cases in the US clearly shows this is the standard business model for these types of cases.

Discussions of the technical details of the BitTorrent protocol aside, the individual Defendants still have no knowledge of each other, nor do they control how the protocol works, and Plaintiff has made no allegation that any copy of the work they downloaded came jointly from any of the Doe defendants. Joining unrelated defendants in one lawsuit may make litigation less expensive for Plaintiff by enabling it to avoid the separate filing fees required for individual cases and by enabling its counsel to avoid travel, but that does not mean these well-established joinder principles need not be followed here.

## CONCLUSION

The improper joining of 1449 Doe defendants into this one lawsuit raises serious questions of individual fairness and individual justice. As noted by previous courts, the use of these cases (and the courts) as a means of obtaining subpoenas to issue settlement letters is well documented ("Fishing Expeditions"). Even when John Doe defendants choose not to settle, the plaintiffs in these cases ultimately fail to name defendants and start further court actions. Many of these types of cases are kept open for as long as possible so the plaintiffs can obtain as much settlement money as possible, before they voluntarily dismiss the case and move onto a

new one.  Recent developments in a Steele Hansmeier PLLC Case (*1:10-cv-06254, First Time Videos v. Does 1-500*), is a prime example where Plaintiff kept the case open for a year without naming a defendant.  On 28 Sep 11, Steele Hansmeier dismissed all but eight Doe defendants from this case; subscriber information for the eight Does defendants were still pending from the ISP.  There is a well documents history of these types of cases in the Northern Districts of Illinois and California.

As noted in the Envisional technical report, majority of the BitTorrent swarms they sampled had only Zero to Nine downloaders and a similar number of "seeders."  A total of 1449 BitTorrent downloaders and "seeders" all connected at once is highly unlikely.  According to the Envisional technical report, only .2% had 100 or more downloaders at one time.  Plaintiff's records do not show how any of the IP addresses they identified interacted with each other (sharing the file in question).

The court should also note the very cursory effort Plaintiff has taken to identify the true copyright infringers.  As the IP address assigned to each defendant does not equal culpability, simply going after the registered owner of the IP address is irresponsible.  The registered user of the IP address only identifies the person who pays the Internet Service Provider (ISP) for Internet access.  There are multiple possibilities as to why the defendant did not copyright infringe against Plaintiff.  Possible reasons are:  computer/network was "hacked" by unauthorized personnel; Home WiFi connection run "Open" and used by unauthorized personnel (neighbor, etc.); Guest at the defendant's residence used the network and defendant was not aware of the activity.  Without additional investigative steps, innocent personnel are bound to be implicated in infringement activity and pressured to pay settle amounts to make the threat of a federal law suit go away.

As Plaintiff does not intend to conduct further investigative effort and only wishes to send out settlement letters to defendants, I respectfully request the Court dismiss the subpoena requiring the ISP provide the subscriber information on all John Doe defendants.  In addition, I respectfully request the court sever Doe defendants 2-1449 from this case, as there is no evidence to show that ALL the Doe defendants acted together are thus they are incorrectly joined together. *See* Fed. R. Civ. P. 21.

Dated: 10/14/2011                                          Respectfully submitted,

_____

John Doe
*Pro se*

## CERTIFICATE OF SERVICE

I hereby certify that on 10/17/2011, I served a copy of the foregoing document, via US Mail, on:

THE McDANIEL LAW FIRM, PC
54 Main Street
Hackensack, New Jersey 07601

Dated: 10/17/2011                                    Respectfully submitted,

_____
John Doe
*Pro se*



Exhibit A

Number of IP addresses identified each day (10 Apr 11 - 9 Jun 11) - each IP address is different

Exhibit B

| Number | IP Address | Internet Service Provider | Date | Time (UTC) |
|---|---|---|---|---|
| 325 | 96.24.23.230 | Clearwire US LLC CLEAR-26 | 2011.06.04 | 12:06 AM |
| 326 | 96.24.133.137 | Clearwire US LLC CLEAR-26 | 2011.06.07 | 1:06 AM |
| 327 | 96.24.128.194 | Clearwire US LLC-CLEAR-26 | 2011.06.07 | 9:18 AM |
| 328 | 50.9.19.7 | Clearwire US LLC-CLEAR-26 | 2011.04.11 | 8:48 PM |
| 329 | 71.23.128.19 | Clearwire US LLC-CLEAR-26 | 2011.04.25 | 3:36 AM |
| 330 | 50.13.42.221 | Clearwire US LLC-CLEAR-26 | 2011.04.28 | 3:40 PM |
| 331 | 50.10.167.246 | Clearwire US LLC-CLEAR-26 | 2011.04.29 | 4:56 AM |
| 332 | 50.14.224.199 | Clearwire US LLC-CLEAR-26 | 2011.04.30 | 1:14 AM |
| 333 | 50.9.63.55 | Clearwire US LLC-CLEAR-26 | 2011.05.01 | 3:13 AM |
| 334 | 71.23.164.99 | Clearwire US LLC-CLEAR-26 | 2011.05.03 | 6:08 PM |
| 335 | 50.14.209.76 | Clearwire US LLC-CLEAR-26 | 2011.05.06 | 12:34 PM |
| 336 | 71.23.140.198 | Clearwire US LLC-CLEAR-26 | 2011.05.09 | 8:12 PM |
| 337 | 50.9.36.27 | Clearwire US LLC-CLEAR-26 | 2011.05.11 | 8:11 AM |
| 338 | 71.23.141.176 | Clearwire US LLC-CLEAR-26 | 2011.05.11 | 9:15 PM |
| 339 | 71.21.56.240 | Clearwire US LLC-CLEAR-26 | 2011.05.11 | 11:07 AM |
| 340 | 50.14.153.8 | Clearwire US LLC-CLEAR-26 | 2011.05.20 | 3:54 PM |
| 341 | 50.14.61.110 | Clearwire US LLC-CLEAR-26 | 2011.05.23 | 6:47 PM |
| 342 | 209.190.112.18 | Columbus Network Access Point, Inc. | 2011.04.23 | 12:52 PM |
| 343 | 73.207.254.216 | Comcast Business Communications, Inc. CHESTERFIELD-CDM-4 | 2011.06.03 | 12:51 PM |
| 344 | 173.15.110.26 | Comcast Business Communications, LLC CBC-ILLINOIS-44 | 2011.04.27 | 8:03 PM |
| 345 | 173.161.78.110 | Comcast Business Communications, LLC CBC-ILLINOIS-45 | 2011.05.06 | 2:11 AM |
| 346 | 24.7.54.153 | Comcast Cable Communications BAYAREA-11 | 2011.05.04 | 9:13 AM |
| 347 | 24.7.85.204 | Comcast Cable Communications BAYAREA-11 | 2011.05.13 | 12:07 AM |
| 348 | 24.5.8.157 | Comcast Cable Communications BAYAREA-9 | 2011.05.02 | 8:09 AM |
| 349 | 24.9.100.48 | Comcast Cable Communications COLORADO-10 | 2011.05.11 | 6:57 PM |
| 350 | 24.2.181.125 | Comcast Cable Communications CONNECTICUT-4 | 2011.04.28 | 9:09 AM |

## Exhibit C

www.ip2location.com/demo.aspx



**2LOCATION™**   Bringing Geography to the Internet

HOME   BUY ONLINE   DEVELOPERS   SUPPORT   ABOUT US   CONTACT US

DATA PRODUCTS   IP2Location™ Live Product Demo

DB1   IP2Location™ IP-Country

DB2   IP2Location™ IP-Country-ISP

DB3   IP2Location™ IP-Country-Region-City

DB4   IP2Location™ IP-Country-Region-City-ISP

DB5   IP2Location™ IP-Country-Region-City-Latitude-Longitude

DB6   IP2Location™ IP-Country-Region-City-Latitude-Longitude-ISP

DB7   IP2Location™ IP-Country-Region-City-ISP-Domain

DB8   IP2Location™ IP-Country-Region-City-Latitude-Longitude-ISP-Domain

DB9   IP2Location™ IP-Country-Region-City-Latitude-Longitude-ZIPCode

DB10   IP2Location™ IP-Country-Region-City-Latitude-Longitude-ZIPCode-ISP-Domain

DB11   IP2Location™ IP-Country-Region-City-Latitude-Longitude-ZIPCode-Timezone

DB12   IP2Location™ IP-Country-Region-City-Latitude-Longitude-ZIPCode-TimeZone-ISP-Domain

IP2Location™ IP-

### Demo Instructions

1. Enter the IP addresses separated by a single space in the search box.
2. Press the "Find Location" button.

Note: Shortcut URL to this Demo for IP Address 1.2.3.4  is http://www.ip2location.com/1.2.3.4

| IP Address | Country | Region | City | Latitude/Longitude | ZIP Code | Time Zone |
|---|---|---|---|---|---|---|
| | UNITED STATES | COLORADO | DENVER | 39.739154 -104.984703 | 80002 | -07:00 |

| 24.9.100.48 | Net Speed | | ISP | | | Domain |
|---|---|---|---|---|---|---|
| | COMP | COMCAST CABLE COMMUNICATIONS | | | | COMCAST.COM |
| | IDD Code | Area Code | | Weather Station | | |
| | 1 | 303 | | USCO0105 - DENVER | | |
| | MCC | MNC | | Mobile Brand | | |

Map It

These results were produced by the IP2Location™ DB20 October 2011 Edition Database

24.9.100.48
UNITED STATES
DENVER
COLORADO
COMCAST CABLE COMMUNICATIONS

Powered By IP2Location.com © 2011

**From:   IP 67.173.112.24**